UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| CALVIN TIMBERLAKE and<br>KAREN TIMBERLAKE,<br><br>    Plaintiffs,<br><br>v.<br><br>SYNTHES SPINE COMPANY, L.P., *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. V-08-4<br>§<br>§<br>§<br>§ |

**ORDER**

Pending before the Court are Defendant, Synthes Spine Company, L.P.'s ("Synthes") Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer Venue (Dkt. #18) and Defendant, Spine Solutions, Inc.'s Motion to Transfer Venue (Dkt. #23). After considering the motions, responses, and applicable law, the Court is of the opinion that the motions should be DENIED.

**Discussion**

Plaintiffs brought this products liability action against Defendants for negligence, strict liability and breach of warranty arising out of the implantation of an allegedly defective artificial disc distributed by and manufactured on behalf of Synthes. On December 14, 2006, the surgery was performed at the Foundation Surgical Hospital in Bellaire, Texas.[1]  Plaintiff, Calvin Timberlake, alleges that five days after the disc was implanted, x-rays revealed that the disc had failed. Therefore, on April 4, 2007, Plaintiff underwent surgery at the Baylor Regional Medical Center in

---

[1] Bellaire, Texas is a city located within the Houston metropolitan area.

Plano, Texas[2] to remove the disc.

Synthes argues venue is improper in the Victoria Division because the event (i.e. the surgery) giving rise to this claim occurred in the Houston Division. Plaintiffs, who reside in Victoria County, however, maintain that venue is proper within any division within the Southern District of Texas under the relevant venue statute. Synthes moves the Court to dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer venue to the Houston Division under 28 U.S.C. § 1406(a). Synthes and Spine Solutions also seek a transfer pursuant to 28 U.S.C. § 1404(a).

Plaintiffs claim that they chose the Victoria Division for the convenience of the parties and witnesses. Specifically, Plaintiffs, all the physicians that treated Mr. Timberlake, prior to and subsequent to the surgery, and Mr. Timberlake's former employer and coworkers as well as other damages witnesses all reside in or around Victoria. Defendants argue venue is more convenient in the Houston Division primarily because: (1) a substantial part of the events giving rise to the claim, namely the implantation surgery, occurred in Houston; (2) the surgeon who performed the surgery and hospital staff are in Houston; and (3) the documentation related to the surgery are located in the Houston Division.

**I.     28 U.S.C. § 1406**

Federal law provides that civil actions based on diversity of citizenship may only be brought in: (1) a judicial district in which any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action

---

[2] Plano, Texas is located in the Eastern District of Texas.

is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). For venue purposes, a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction when suit is filed. 28 U.S.C. § 1391(c). When a plaintiff files a case in the wrong division or district, the district court shall dismiss or, if in the interest of justice, transfer the case to any division or district where it should have been brought. 28 U.S.C. § 1406(a).

Synthes incorrectly attempts to read a divisional requirement into section 1391. Section 1391(a) speaks in terms of districts and not divisions. Therefore, under 28 U.S.C. § 1391(a)(2), Plaintiffs were merely required to file the case within the Southern District of Texas, not necessarily in any particular division. Synthes concedes the Southern District of Texas is the proper venue by seeking a transfer to the Houston Division of the Southern District of Texas. Accordingly, because transfer pursuant to § 1406(a) is only permitted if venue is improper, Synthes's request that the Court transfer the case pursuant to 28 U.S.C. § 1406(a) must be denied. For the same reasons, Synthes's motion to dismiss under FRCP 12(b)(3) must also be denied.

**II.   28 U.S.C. § 1404**

In its motion to transfer venue, Spine Solutions requested a transfer under 28 U.S.C. § 1404.[3] A district court is authorized, "[f]or the convenience of the parties and witnesses, in the interest of justice," to transfer venue to any other district or division where the suit might have been brought. 28 U.S.C. § 1404(a). Decisions to transfer venue under § 1404 are committed to the sound discretion of the transferring judge. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th

---

[3] Synthes also sought a transfer pursuant to § 1404(a) in its reply brief in support of its motion to transfer venue (Dkt. # 27).

Cir. 1988). The goal of this provision is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Shoemake v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 829 (E.D. Tex. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). The court should analyze a motion to transfer venue based on an "individualized case-by-case consideration of convenience and fairness." *Shoemake*, 233 F. Supp. 2d at 829 (citing *Stewart Org., Inc. v. Recoh Corp.*, 487 U.S. 22, 29 (1988)).

The party seeking a change of venue bears the burden of demonstrating that the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). To prevail on a motion to transfer venue for the convenience of the parties under §1404(a), the movant must demonstrate the balance of convenience and justice weighs in favor of transfer. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994). The court's determination of convenience hinges on several private and public interest factors, none of which are determinative of the issue. *In re Volkswagen*, 371 F.3d at 203.

### A.      Transfer to District Where Claim "Might Have Been Brought"

The threshold determination to be made under § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *Id.*; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("the first issue that a district court must address in ruling on a [§ 1404 motion to transfer] is whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought'"). In a diversity case, venue is proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a)(2). Because the events giving

rise to this claim occurred in the Southern District of Texas, there is no dispute that this case could have been brought in the Houston Division of the Southern District of Texas. Therefore, the Court finds that the threshold determination as to whether the transfer sought is to an appropriate judicial district has been satisfied.

The Court must next balance two categories of interests to determine if transfer is warranted. Specifically, the court must consider: (1) the convenience of the litigants; and (2) the public interests in the fair and efficient administration of justice. *Ruth v. KLI, Inc.*, 143 F. Supp. 2d 696, 698 (E.D. Tex. 2001). While each category of factors must be considered, none carry dispositive weight. *In re Horseshoe*, 337 F.3d at 433; *In re Volkswagen*, 371 F.3d at 203.

### B.     Convenience of the Parties and Witnesses

**1.  Private Interest Factors**

When analyzing a §1404(a) motion, a court should consider the various private interest factors relating to the convenience of parties and witnesses, including: (a) the plaintiff's choice of forum; (b) the availability and convenience of parties and witnesses; (c) the cost of obtaining witnesses and other trial expenses; (d) the availability of compulsory process; (e) the relative ease of access to sources of proof; (f) the place of the alleged wrong; and (g) the possibility of delay and prejudice. *Id.* (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *In re Horseshoe*, 337 F.3d at 433.

A plaintiff's choice of forum is "a factor to be considered but is neither conclusive nor determinative." *Id.* at 434. When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. *In re Volkswagen of America, Inc.*, 506 F.3d 376, 384 (5th Cir. 2007), *reh'g granted*, 517 F.3d 785. However, when the plaintiff's chosen forum has little

or no factual connection to the case, plaintiff's choice carries less weight. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001).  Plaintiffs' clearly chose the Victoria Division because the Plaintiffs reside here and many of the witnesses, including Plaintiff's treating physicians, former employer and co-workers and family members, reside in Victoria.  Plaintiffs' choice of forum weighs against transfer.

Courts often note that the convenience of the witnesses is arguably the most influential factor in a § 1404(a) inquiry.  *See Devon Energy Prod. Co., L.P. v. GlobalSantaFe S. Am.*, 2007 WL 1341451, *6 (S.D. Tex. May 4, 2007); *Dupre v. Spanier Marine Corp.*, 801 F. Supp. 823, 825 (S.D. Tex. 1993).  Specifically, the court should consider whether "key fact witnesses" will be substantially inconvenienced if the court denies transfer.  Indeed, "[i]t is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis."  *State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994). The movant "must specifically identify key witnesses and outline the substance of their testimony." *Dupre*, 801 F. Supp at 825.

Defendants assert that this factor strongly supports transfer in this case because the Houston Division is the location of surgery, meaning that several key witnesses and records of the surgery are also located within the Houston Division.  While the place of the alleged wrong is certainly an important consideration, *Devon Energy*, 2007 WL 1341451 at *7 (citing *Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 732 (S.D. Tex. 2002)), it is only one of many factors to be considered.  The Court recognizes that the implantation surgeon is a key witness and that hospital staff as well as records related to the surgery are within the Houston Division.  However, this support for transfer is equalized by the fact that a surgery to remove the disc also took place in the Northern District of

Texas. Thus, an equal number of persons and documents affiliated with this case are located in the Northern District. Further, besides Dr. Meyer, Defendants have not identified any other key witnesses or the substance of their testimony to demonstrate that the Houston Division is a more convenient forum; whereas, Plaintiffs have identified numerous non-party witnesses who are located in the Victoria Division. Additionally, Plaintiff's treating physician has submitted an affidavit stating that it would be particularly challenging for Plaintiff, given his medical condition, to travel. Thus, the Court does not find that the convenience of parties and witnesses weighs in favor of transfer.

Moreover, this cause of action does not allege a cause of action against the surgeon who implanted the disc, but rather alleges negligence, strict liability and breach of warranty for the defective manufacture and design of Defendants' product. The Defendants rely heavily on the fact that the records related to the surgery are found in Houston. While this is true, the surgery itself forms only a portion of this defective product claim. Documents relevant to this litigation are also located in Victoria, Plano, Pennsylvania and perhaps numerous other venues around the country where this device is used. Therefore, access to proof and documentation are likely located in places outside of Texas, making Houston no more convenient than Victoria.

Finally, while the other private factors are not fully discussed by Defendants, the difference between litigating this case in Houston or Victoria does not present a substantial inconvenience or expense for Defendants. The courthouse in the Victoria Division is only about 120 miles from the courthouse in the Houston Division. *See Jarvis Christian Coll.*, 845 F.2d 523, 528 (5th Cir. 1988) ("This case is not being consigned to the wastelands of Siberia."). Plaintiffs have agreed to take depositions in the Houston Division for those witnesses located in Houston. Thus, the slight

inconvenience of requiring the Defendants to travel to Victoria to litigate the case does not convince the Court that transfer is warranted.

### 2.     Public Interest Factors

When determining a motion to transfer venue, courts must also weigh public interest factors, including: (a) the administrative difficulties flowing from court congestion; (b) the local interest in having localized interests decided at home; (c) the familiarity of the forum with the law that will govern the case; and (d) the avoidance of unnecessary conflict of law problems. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

The Defendants do not discuss all of these public interest factors. However, the Court notes that these factors either are neutral or do not weigh in favor of transferring the case. First, while the caseload in virtually every court within the Southern District of Texas is substantially higher than the national average, the Houston Division is no less congested than Victoria. The Victoria Division is in a better position to quickly bring the case to trial at the first trial setting. Further, each division has an interest in resolving the case, as the allegedly defective disc was implanted in Houston and a Victoria resident suffered the effects of the disc. Finally, in a diversity case, such as this, a federal court is required to follow the choice of law rules of the state in which it sits. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). This factor is neutral, because Texas law will apply with or without the transfer. Thus, there will be no conflict of law problems or unfamiliarity of the law in this forum.

## Conclusion

After considering the circumstances of this case, the Court does not find good cause to

transfer venue to the Houston Division. Thus, Defendant, Synthes Spine Company, L.P.'s ("Synthes") Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer Venue (Dkt. #18) and Defendant, Spine Solutions, Inc.'s Motion to Transfer Venue (Dkt. #23) are DENIED.

It is so ORDERED.

SIGNED this 23rd day of April, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE