UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **CALVIN TIMBERLAKE**, *et al*, § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | **CIVIL ACTION NO. V-08-4** |
| § | |
| **SYNTHES SPINE, INC.**, *et al*, § | |
| § | |
| **Defendants.** § | |

## OPINION AND ORDER

Before the Court is Plaintiff Calvin Timberlake's ("Plaintiff") Expedited Motion for Leave to Designate One Additional Expert Witness (Dkt. No. 148), to which Defendants Synthes Spine Company, L.P. and Spine Solutions, Inc. ("Defendants") have responded (Dkt. No. 151), and Plaintiff has replied (Dkt. No. 152). After considering the motion, response, reply, and applicable law, the Court is of the opinion that Plaintiff's motion should be GRANTED.

**Background**

Plaintiff's deadline to designate experts and furnish reports was July 1, 2009. Plaintiff timely designated three liability experts: a spinal surgeon, a biomechanical engineer, and a medical device engineer. Likewise, Defendants met their November 2, 2009 deadline to designate experts and furnish reports. Defendants designated six liability experts, two of which are FDA process consultant experts. Plaintiff now seeks leave of Court to designate Mr. James Walters, J.D., M.S., as an FDA process expert to rebut Defendants' FDA process experts.

**Discussion**

District courts in this circuit must consider four factors in determining whether the testimony of a late-designated expert witness should be permitted: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the

testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)). The Fifth Circuit grants district courts "'wide latitude'" in pretrial matters and mandates that they "be allowed to act with 'intelligent flexibility' in this arena." *Campbell s. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (quoting *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971)). Thus, this Court's decision whether to allow Mr. Walters' testimony will "not be disturbed unless it is demonstrated that [the Court] has clearly abused the broad discretion vested in [it] by Rule 16." *Davis*, 448 F.2d at 921.

Defendants argue that Mr. Walters cannot be classified as a "rebuttal expert" because Plaintiff has asserted FDA regulatory claims in this case for almost two years, and he was aware that expert testimony may be necessary to support these claims. Defendants also claim Plaintiff's late expert designation is "without justification," and that they would be significantly prejudiced by this untimely designation because it would require them to conduct discovery related to Mr. Walters and redesignate and submit supplemental reports for their own FDA regulatory experts addressing Mr. Walters' report and opinions. Defendants further contend they would be unable to meet the Court's April 15, 2010 deadline for filing *Daubert* motions, and continuing this trial a third time would only serve to further prejudice them.

Plaintiff explains that he did not previously identify Mr. Walters because, during the course of discovery, he was "left with deficiencies in [his] expert resources and particularly in [his] miscalculation of the volume of information and intricacies of the FDA process." (Dkt. No. 152 at 1.) Plaintiff further "underestimated the extent and depth of deceit of certain defendant corporations and its participants during the clinical disclosure process and trials." (*Id.*) According to Plaintiff, Mr. Walter's testimony is important to adequately prepare his case in chief and to rebut Defendants' expert reports, and he searched and interviewed experts nationwide from the day he received

Defendants' expert reports on November 1, 2009 until he retained Mr. Walters on January 7, 2010. Finally, Plaintiff points out that his recent motion to dismiss the Viscogliosi Brothers group of defendants greatly streamlines this case, such that Defendants should have adequate time to conduct discovery related to Mr. Walters and prepare for trial without prejudice or need for a continuance.

The Court is satisfied that Plaintiff's explanation for failing to timely identify Mr. Walters as an expert satisfies the four-part test set forth in *Hamburger*, 361 F.3d at 875. Further, to the extent Defendants claim they will be unduly prejudiced by continuing the trial date a third time—if a continuance is necessary—the Court notes that Defendants are equally to blame for the delays that have arisen in this case. Thus far, Defendants have filed a total of six (6) motions for extension of time (Dkt. Nos. 10, 15, 59, 107, 116 & 130), all of which were granted by the Court. Defendants also moved to amend the Scheduling Order in November 2008 (Dkt. No. 77) and on two occasions sought leave to file out-of-time responses to other motions (Dkt. Nos. 81 & 83). Ironically, Plaintiff did not oppose any of these motions. Plaintiff has been agreeable throughout the course of this litigation and deserves the same courtesy from Defendants.

**Conclusion**

Plaintiff's Expedited Motion for Leave to Designate One Additional Expert Witness (Dkt. No. 148) is GRANTED. Plaintiff shall furnish Defendants with Mr. Walters' report on or before the 17th day of February, 2010. If necessary, Defendants may seek an extension of time in which to file *Daubert* motions in this case.

It is so ORDERED.

SIGNED this 10th day of February, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE