UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CALVIN TIMBERLAKE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-08-4 |
| | § | |
| SYNTHES SPINE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Synthes Spine Company, L.P. ("Synthes Spine") and Spine Solutions, Inc.'s ("Spine Solutions") (collectively "Defendants") Fourth Amended Motion to Dismiss, or in the Alternative, Motion to Sever Scott Plaintiffs' Claims (Dkt. No. 166), to which Plaintiffs Calvin Timberlake ("Timberlake") and Anastasia and Matthew Scott ("Scott Plaintiffs") have responded (Dkt. No. 171), and Defendants have replied (Dkt. Nos. 299, 303). Having considered the motion, responses, record, and applicable law, the Court is of the opinion that Defendants' motion to dismiss should be **GRANTED** and their motion to sever should be **DENIED** as moot.

## I. Background

Timberlake originally filed this action on January 17, 2008, alleging causes of action against Defendants for common law and statutory fraud/misrepresentation, violation of the FDA approval process, negligence, strict liability in tort (products), breach of warranty, and civil conspiracy in connection with Defendant's ProDisc-L artificial disc replacement device ("ProDisc"). Timberlake complained that he was surgically implanted with ProDisc on December 14, 2006 in Bellaire, Texas. Five days later, x-rays revealed that the ProDisc had

1

"completely failed," and as a result, Timberlake underwent a salvage operation to remove the failed ProDisc. On October 2, 2008, Plaintiffs filed their Second Amended Original Complaint, joining the Scott Plaintiffs in this action. The Scott Plaintiffs pled identical claims to Timberlake, with the exception that Ms. Scott was implanted with ProDisc in Germany on October 8, 2006. Ms. Scott complained that her ProDisc also failed and was removed by a surgeon in Los Angeles, California on October 11, 2007.

Defendants now move to dismiss the Scott Plaintiffs, or, in the alternative, to sever their claims.

## II. Motion to Sever

As a preliminary matter, the Court addresses Defendants' motion to sever the Scott Plaintiffs' claims from Timberlake's claims on the grounds that: (1) Timberlake's claims and the Scott Plaintiffs' claims are factually and legally distinct from each other; and (2) severing would help avoid unnecessary delay. In a February 18, 2011 Memorandum Opinion & Order, the Court granted Defendants' Motion for Summary Judgment as to Timberlake and dismissed Timberlake as a plaintiff in this case. (Dkt. No. 290.) Accordingly, Defendants' Motion to Sever the Scott Plaintiffs' Claims is **DENIED** as moot.

## III. Motions to Dismiss

### A. Rule 12(b)(7) Motion to Dismiss for Failure to Join a Necessary Party

Defendants further move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join Synthes Haegendorf GmbH ("Synthes Haegendorf") and Synthes GmbH, the entities responsible for the design, manufacture, sale, distribution, labeling, marketing, and foreign approval of Ms. Scott's ProDisc. According to Defendants, because the Scott Plaintiffs failed to join Synthes Haegendorf and Synthes GmbH, and because the Court

lacks jurisdiction over these foreign corporations such that they cannot be joined, the Scott Plaintiffs' claims must be dismissed.

### 1. Legal Standard

Rule 12(b)(7) permits a party to move for dismissal on the grounds that there has been a failure to join a party as required by Rule 19. A person or entity is a necessary party if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a). The movant bears the initial burden of demonstrating that an absent party is necessary, after which the burden then shifts to the party opposing joinder. *Hood ex. Rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009) (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)). If the court finds that an absent person or entity is a required party, but the required party "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). "In ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence." *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001).

### 2. Analysis

In light of the foregoing authority, in order for Defendants to prevail on their motion to dismiss under Rule 12(b)(7), Defendants must show that: (1) Synthes Haegendorf and Synthes GmbH are necessary parties; (2) their joinder is not feasible; and (3) in their absence, the action cannot proceed in equity and good conscience.

### a. Are Synthes Haegendorf and Synthes GmbH necessary parties?

Defendants have offered evidence that the ProDisc implanted into Ms. Scott was manufactured by Synthes Haegendorf in Haegendorf, Switzerland. (Walker Aff., Dkt. No. 299, Ex. 1 ¶ 6.) Ms. Scott's ProDisc was marketed and distributed by Synthes GmbH, located in Oberdorf, Switzerland and Umkirch, Germany. (*Id.* ¶ 7.) Synthes Haegendorf and Synthes GmbH are subsidiaries of Synthes Holdings AG, which is in turn a Swiss subsidiary of Synthes, Inc., a United States corporation. (Croft. Aff., Dkt. No. 299, Ex. 2 ¶ 6.) Defendants are also subsidiaries of Synthes, Inc., but there has never been any direct connection between Defendants and Synthes Haegendorf or Synthes GmbH. (*Id.* ¶ 7.)

Foreign subsidiaries of domestic corporations that are responsible for the design, manufacture, sale, distribution, labeling, marketing, and foreign approval of foreign products are necessary parties in product liability actions involving such foreign products. *Polanco v. H.B. Fuller Co.*, 941 F. Supp. 1512, 1521 (D. Minn. 1996) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985) (joinder necessary where subsidiary "becomes more than a key witness whose testimony would be of inestimable value[, and i]nstead it emerges as an active participant" in the alleged tort); *Gay v. AVCO Financial Services, Inc.*, 769 F. Supp. 51, 56 (D.P.R. 1991) ("[W]here the subsidiary is an active participant in the activity alleged as the basis for recovery, the subsidiary should be a party to the action."); *Lopez v. Shearson Am. Express, Inc.*, 684 F. Supp. 1144, 1147 (D.P.R. 1988) ("The law appears very clear that where the subsidiary is the primary participant in a dispute involving both the parent and the subsidiary, the subsidiary is an indispensable party.")).

Accordingly, the Court finds that Synthes Haegendorf and Synthes GmbH are parties whose joinder would be necessary if feasible under Rule 19(a).

**b. Is joinder feasible?**

Defendants contend that joinder is not feasible because the Court lacks personal jurisdiction over Synthes Haegendorf and Synthes GmbH.

In order to satisfy due process requirements, a nonresident defendant must have "certain minimum contacts" with the forum state such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). Minimum contacts with a forum state may give rise to general or specific jurisdiction. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 624 (5th Cir. 1999). General jurisdiction exists when a defendant's contacts with the forum state are "continuous and systematic" but are not related to the alleged cause of action. *Ruston Gas Turbines*, 9 F.3d at 419; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

When a nonresident defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities," the forum state may exercise specific jurisdiction over a defendant. *Cent. Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The Court must assess the relationship between the defendants, the forum state, and the litigation to determine "whether the defendant[s] purposefully established 'minimum contacts' in the forum state," so that it was foreseeable "that the defendant[s'] conduct and connection with the forum state are such that [they] should reasonably anticipate being haled into court there." *Guidry*, 188 F.3d at 624—25 (quoting *Burger King*, 471 U.S. at 474). The Fifth Circuit has articulated a three-step analysis to determine if specific jurisdiction exists: (1) whether the defendant has minimum contacts with the forum state, *i.e.* whether it

5

purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002).

Defendants have presented evidence that Synthes Haegendorf and Synthes GmbH are engaged in business related to the European-approved ProDisc in Europe only, and neither corporation has any presence in the United States or the State of Texas. (Croft Aff. ¶¶ 9, 10.) Although the Court may have jurisdiction over Synthes, Inc. and its domestic subsidiaries, "[a]s a general rule . . . , the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the [nonresident corporation] may be affiliated." *Freudensprung v. Offshore Technical Services, Inc*., 379 F.3d 327, 346 (5th Cir. 2004) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335 (1925) (declining to attribute, for jurisdictional purposes, presence of subsidiary in the forum state to nonresident parent corporation where parent and subsidiary maintained distinct and separate corporate entities); *Access Telecom, Inc. v. MCI Telecomm., Corp.*, 197 F.3d 694, 717 (5th Cir. 1999) ("[T]ypically, the corporate independence of companies defeats the assertion of jurisdiction over one by using contacts with the other.")). Although "this principle . . . is not inviolate," the Scott Plaintiffs have presented no evidence to rebut the "presumption of institutional independence of related corporate entities." *See Freudensprung*, 379 F.3d at 346.  In fact, the Scott Plaintiffs have failed to present any evidence that Synthes Haegendorf and Synthes GmbH have any contacts whatsoever with the United States or with Texas.

Accordingly, the Court finds that Synthes Haegendorf and Synthes GmbH are not subject to the Court's personal jurisdiction, and their joinder is not feasible.

### c. Can this action proceed without Synthes Haegendorf and Synthes GmbH?

Having determined that Synthes Haegendorf and Synthes GmbH are necessary parties whose joinder is not feasible, the Court must determine whether, in equity and good conscience, the action should proceed against Defendants Synthes Spine and Spine Solutions, or whether this action should be dismissed. FED R. CIV. P. 19(b). In making this determination, the Court should consider:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

In product liability actions, the absence of a foreign manufacturer or distributor over which the court lacks jurisdiction generally requires dismissal. For example, in *Polanco*, the plaintiff brought a wrongful death action against a United States corporation alleging that her brother died after becoming addicted to glue manufactured by the corporation's Guatemalan subsidiary. *Polanco*, 941 F. Supp. at 1514—15. The court held that, as the glue's manufacturer, the Guatemalan subsidiary was an indispensable party, even though its presence would deprive the court of jurisdiction:

Equity prohibits this action from proceeding where [the foreign subsidiary manufacturer] will be unable to defend its products or marketing methods, but may ultimately face liability as a result of legal determinations made in its absence. The Court cannot overlook the fact that any trial here will largely be a

trial of the conduct of [the foreign subsidiary manufacturer]. It will be prejudiced without the opportunity to participate, and the Court cannot fashion any protection against this prejudice. Because [the foreign subsidiary manufacturer] is an indispensable party which may not be joined without depriving the Court of jurisdiction, the action must be dismissed.

*Id.* at 1523. The district court in *Carl Schroeter Gmbh* also dismissed the case for failure to join a required foreign subsidiary that could not be joined without destroying jurisdiction. *Carl Schroeter Gmbh & KO., KG. v. Crawford & Co.*, 2009 WL 1408100, *5 (E.D. Pa. May 19, 2009). In analyzing the factors set forth in Rule 19(b), the court explained:

Proceeding without [the foreign subsidiary] would prejudice Plaintiffs because this Court would be incapable of awarding them any relief. *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.,* 201 F.R.D. 337, 341 (D. Del. 2001) (noting, in dismissing for failure to join defendant's foreign subsidiaries, that "a judgment in Plaintiffs' favor maybe 'hollow' because the proper defendant was never joined"). Also, [the foreign subsidiary] would be prejudiced because it would be deprived of the ability to defend its conduct. *See Polanco*, 941 F. Supp. at 1523 (absent subsidiary "[would] be prejudiced without the opportunity to participate, and the Court cannot fashion any protection against this prejudice"); *Gay v. Avco Fin. Servs., Inc.*, 769 F. Supp. 51, 57 (D.P.R. 1991) (action against parent based on subsidiary's conduct should not proceed without "some form of direct representation" for the subsidiaries). Furthermore, Plaintiffs could presumably proceed against [the foreign subsidiary] in [the subsidiary's home country] to recover for any losses caused by its negligence.

*Id.*

Here, Defendants have presented evidence that Synthes Haegendorf and Synthes GmbH were responsible for the design, manufacture, sale, distribution, labeling, marketing, and foreign approval of Ms. Scott's ProDisc. (Walker Aff. ¶¶ 4—8; Croft Aff. ¶¶ 4—5.) Defendants have presented further evidence that they are separate entities from Synthes Haegendorf and Synthes GmbH, and they have no overlapping operations or responsibilities with their foreign counterparts. (Croft Aff. ¶ 9—10.) Defendants' business activities are limited to the FDA-approved ProDisc in the United States, and Defendants were in no way responsible for Ms. Scott's European ProDisc. (*Id.* ¶ 10.)

Based on the evidence presented by Defendants, the Court finds that Synthes Haegendorf and Synthes GmbH have a strong interest in any legal determinations regarding the ProDisc devices they design, manufacture, sell, distribute, label, and market in Europe—interests that Defendants could not adequately represent. Because Synthes Haegendorf and Synthes GmbH cannot adequately defend these interests without being present, their absence would be prejudicial, and the Court is unable to craft any protection against such prejudice. Finally, the Scott Plaintiffs have an adequate remedy in that they could proceed against Synthes Haegendorf and Synthes GmbH in Germany, where Ms. Scott's disc was implanted, or in Switzerland, where Ms. Scott's ProDisc was manufactured.

The Court finds that this action cannot, in equity and good conscience, proceed against Defendants Synthes Spine and Spine Solutions without the joinder of Synthes Haegendorf and Synthes GmbH. Accordingly, this action must be dismissed.

**B.  Rule 12(b)(3) Motion to Dismiss for Improper Venue and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted**

Defendants also move to dismiss the Scott Plaintiffs' claims pursuant to Rule 12(b)(3) on the grounds that venue in the Southern District of Texas is improper because none of the parties reside in the district and no event related to the Scott Plaintiffs' claims happened within the district. Defendants further move to dismiss pursuant to Rule 12(b)(6) on the grounds that the Scott Plaintiffs: (1) failed to meet the Rule 8(a) pleading requirement and (2) failed to allege that Defendants were the sellers and/or manufacturers of Ms. Scott's ProDisc as required in Texas products liability actions. Because the Court has determined that this action should be dismissed for failure to join Synthes Haegendorf and Synthes GmbH under Rule 12(b)(7), the Court need not consider Defendants' motions to dismiss pursuant to Rules 12(b)(3) and 12(b)(6).

**VI. Conclusion**

For the reasons set forth above, Defendants' Fourth Motion to Dismiss, or in the Alternative, Motion to Sever Scott Plaintiffs' Claims (Dkt. No. 166) is hereby **GRANTED** in part and **DENIED** in part, and this action is **DISMISSED**.

It is so **ORDERED**.

**SIGNED** this 30th day of June, 2011.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE